IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

CARI D. SEARCY and
KIMBERLY MCKEAND,
Individually and as parent and
next friend of K.S., a minor,

     Plaintiffs,

v.                                                                      Case No.: 14-208

ROBERT BENTLEY,
individually and in his
official capacity as the
Governor of the State of
Alabama; LUTHER STRANGE, III,
individually and in his official
capacity as the Attorney General
of the State of Alabama; THE HON.
DON DAVIS, individually and in
his capacity as the Judge Of Probate
for Mobile County, Alabama;
CATHERINE M. DONALD,
individually and in her official capacity
as the State Registrar of Vital
Statistics for the State of Alabama; and
NANCY T. BUCKNER, individually
and in her official capacity as the
Commissioner of the Department of
Human Resources for the State of
Alabama,

     Defendants.

<u>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF</u>

COME NOW the Plaintiffs, CARI D. SEARCY, and KIMBERLY MCKEAND individually and as parent and next friend of K.S., a minor, and file this Complaint as follows:

## JURISDICTION AND VENUE

1.     This is an action filed pursuant to 28 U.S.C. § 2201-2202 as a challenge to Ala. Code § 30-1-19 (the so-called "Marriage Protection Act"), Ala. Const. Amend. No. 774 (the so-called "Sanctity of Marriage Amendment").[1]

2.     It is alleged that the Defendants, separately and severally, have violated the Plaintiffs' constitutional rights of equal protection under the law and due process under the law pursuant to the 14th Amendment of the United States Constitution. Likewise, the Defendants, separately and severally, have violated the Plaintiffs' constitutional right to enjoy the benefits and privileges of the Full Faith and Credit Clause of Art. 4 §1 of the United States Constitution.

3.     This Court is a proper venue pursuant to 28 U.S.C. § 1331(1) because one or more of the named Defendants reside in this judicial district. Alternatively, venue is proper in this judicial district pursuant to 28 U.S.C. § 1331(2) because "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district.

---

[1] Collectively, these statutes and constitutional amendment shall be referred to as "Marriage Sanctity Laws" and/or "Sanctity Laws."

## THE PARTIES

4.      Plaintiff Kimberly McKeand is an adult resident citizen of Mobile County, Alabama. Plaintiff Kimberly McKeand is the lawful wife of Plaintiff Cari D. Searcy.  Kimberly McKeand is also the biological mother of the minor, K.S.

5.      Plaintiff Cari D. Searcy is an adult resident citizen of Mobile County, Alabama. Plaintiff Cari D. Searcy is the lawful wife of Plaintiff Kimberly McKeand.

6.      K.S. is a child citizen of the United States and the State of  Alabama. K.S. resides in Mobile County, Alabama. K.S. is the natural born son of Plaintiff Kimberly McKeand.

7.      Defendant Robert Bentley is an adult resident citizen of the State of Alabama living and working in Montgomery. Robert Bentley is the Governor of the State of Alabama, and is vested with the powers of the office of the highest executive branch state official. Governor Bentley maintains, exercises and enforces his authority, among other ways, in connection with the Sanctity Laws.

8.      Defendant Luther Strange, III is an adult resident citizen of the State of Alabama. Luther Strange is the Attorney General for the State of Alabama and is the state officer who is responsible for appearing in court on behalf of the State of Alabama. Attorney General Strange has the legal duty to provide his opinions on questions of law and procedures relating to the duties of county, state, and local

officials. This includes probate judges and court clerks. Attorney General Strange has enforcement authority over the Sanctity Laws.

9.     Defendant Don Davis is an adult resident citizen of the State of Alabama. Don Davis is the Judge of Probate for Mobile County, Alabama. Judge Davis is the Judge responsible for hearing and granting adoptions in Mobile County. Judge Davis heard the adoption petition filed by the Plaintiffs, and he denied the same. Judge Davis therefore has enforcement authority in connection with the Sanctity Laws. Judge Davis is sued in his official capacity.

10.     Catherine M. Donald is an adult resident citizen of Montgomery, Alabama, and her office is located in Montgomery, Alabama. Catherine M. Donald is the State Registrar of Vital Statistics for the State of Alabama. Defendant Catherine M. Donald's responsibilities, among others, include administering, supervising, and directing the vital statistic collection for the State of Alabama. Her office maintains and registers birth certificates. Defendant Donald, therefore, has enforcement authority in connection with the Sanctity Laws because she has the power to amend the State of Alabama's records to reflect the adoption made the basis of this lawsuit. Defendant Catherine M. Donald is sued in her individual and official capacity.

11.     Under information and belief, Defendant Nancy T. Buckner is an adult resident citizen of the State of Alabama. Nancy T. Buckner is the commissioner of

the Alabama Department of Human Resources (DHR). DHR has the authority and power to, among other things, amend birth certificates to reflect the adoption of a child. Nancy T. Buckner, therefore, has enforcement authority in connection with the Sanctity Laws. Nancy T. Buckner is sued in her individual and official capacity.

<u>FACTUAL ALLEGATIONS</u>

12.    Plaintiffs Kimberly McKeand and Cari D. Searcy are both female. McKeand and Searcy have been in an exclusive, monogamous romantic relationship for approximately fourteen years.

13.    McKeand and Searcy were lawfully married to each other in California in 2008. California grants marriage licenses to two adults regardless of their gender or sexual orientation.

14.    McKeand and Searcy are still married.

15.    McKeand and Searcy jointly own a home in Mobile, Alabama, and they are co-owners of a business.

16.    McKeand is the biological mother of K.S.

17.    Searcy is also a parent to K.S., and she has been so since birth.

18.    K.S. was born in Mobile, Alabama on December 30, 2005. K.S.'s father is a adult citizen of the State of Florida named Mike. McKeand and Searcy became friends with Mike, and eventually it was decided that Mike would be a sperm

donor and that McKeand would carry a child that would be raised by Searcy and McKeand.

19.    Mike was not listed as father of K.S. on the birth certificate, and Mike did not register as the father with the State of Alabama's putative father registry system. Mike did not contest the adoption, and in fact, Mike consents to the adoption and executed a waiver to that effect. Mike has waived all parental rights and he has terminated all rights as a parent to K.S.

20.    K.S. suffered numerous medical complications at birth requiring substantial care, both from medical professionals and K.S.'s parents. Plaintiff Searcy provided the majority of the care to K.S.

21.    On December 29, 2011, Cari D. Searcy filed a petition with the Probate Court of Mobile County seeking to adopt K.S. pursuant to Ala. Code § 26-10A-27 (1975), which "[a]ny person may adopt his or her spouse's child according to the provisions of this chapter" subject to  three exceptions and conditions that are inapplicable to this matter.

22.    Following briefing and a hearing, Judge Don Davis entered an Order on April 6, 2012, denying Searcy's adoption petition because Judge Davis determined that Searcy is not a "spouse" of McKeand within the meaning and context of Ala. Code § 26-10A-27 (1975).

23.     Searcy then timely filed a Notice of Appeal. The Supreme Court of Alabama assigned the case to the Court of Civil Appeals of Alabama. The Court of Civil Appeals entered an Order on October 12, 2012, denying Searcy's appeal and affirming the decision of Judge Davis.

24.     The Plaintiffs have exhausted all avenues of legal recourse in Alabama state courts and are left without the remedy they seek--the adoption.

25.     Searcy and McKeand's 2013 federal tax return reflects that they filed jointly as a married couple.

26.     Searcy and McKeand's 2013 Alabama tax returns reflect that they are prevented from filing jointly as a married couple.

27.     Searcy and McKeand enjoy a close, loving, and stable relationship, and they have provided K.S. with a nurturing, supportive, and loving home environment since birth. Together, they attend to K.S.'s educational, physical, emotional, spiritual, and mental development.

28.     Searcy and McKeand share in financial, medical, career, spiritual, and social decisions as a married couple. More importantly to this matter, the two jointly parent K.S. and they will continue to do so. K.S. views both as parents, and K.S. has only known Searcy and McKeand as his parents since birth.

29.     There is no articulable reason why Searcy is not allowed to adopt K.S. other than the fact that she is a woman married to another woman.

30. This lawsuit challenges the constitutionality of the Sanctity Laws as applied an interpreted in the context of Alabama's step-parent adoption statute, Ala. Code § 26-10A-27 (1975).

31. Specifically, this lawsuit challenges Ala. Const. 1901, Art. I, §36.03 and Ala. Code 1975, Section 30-1-19. Plaintiffs assert that Ala. Code 1975 Section 30-1-19(e), which states "The State of Alabama shall not recognize as valid any marriage of parties of the same sex that occurred or was alleged to have occurred as a result of the law of any jurisdiction regardless of whether a marriage license was issued," is unconstitutional.

32. Searcy is allowed to adopt K.S. because "any person may adopt his or her spouse's child." Ala. Code § 26-10A-27 (1975). Searcy is the spouse of McKeand, and K.S. is McKeand's biological child.

33. Currently, eighteen states issue marriage licenses to same-sex couples. It is inevitable in our mobile society that same-sex married couples will move between states and that in doing so, these married couples may come to reside in states, including Alabama, that do not recognize same-sex marriages entered in to in other states.

34. The Sanctity Laws single out same-sex married couples for discriminatory purposes, including the Alabama Courts' refusal to issue the step-parent adoption sought in this case.

35.    Marriage is a fundamental right and a legal right, and the refusal to recognize a same-sex marriage from another state for purposes of step-parent adoption violates these fundamental and legal rights.

36.    Parenting choices are likewise a fundamental and legal right. Alabama recognizes this, and Alabama has long allowed step-parents to adopt the biological child of their spouse. All requirements for a step-parent adoption have been met in this case, yet Alabama refuses to grant the adoption on the grounds that the adult parties are not "spouses" within the meaning of the step-parent adoption statute found at Ala. Code § 26-10A-27 (1975) which states that "[a]ny person may adopt his or her spouse's child according to the provisions of this chapter."

<u>COUNT ONE</u>

PLAINTIFFS' CLAIM FOR DEFENDANTS' VIOLATION OF THE FULL FAITH AND CREDIT CLAUSE

37.    Plaintiffs adopt, re-allege, and incorporate by reference all contents of paragraphs 1-36 as if fully set forth herein.

38.    The Full Faith and Credit Clause states that "Full Faith and Credit shall be given in each State to the public acts, Records, and judicial proceedings of every other State." U.S. Const., Art. 4, Section 1.

39.    Marriage licenses and marital status is one such legal category that is encapsulated in the Full Faith and Credit Clause.

40.     The State of Alabama, acting through the named Defendants in this lawsuit, may not unilaterally and summarily invalidate a marriage properly executed in a sister state unless the State of Alabama has a legitimate public policy reason for doing so. It has no such legitimate reason for doing so in this case. The State of Alabama cannot unilaterally and summarily prevent K.S. from enjoying the benefits of having two parents for legal purposes just as he, in reality, enjoys all other benefits of growing up in a two parent home.

41.     The Sanctity Laws are facially unconstitutional as violative of the Full Faith and Credit Clause.

42.     The Sanctity Laws are unconstitutional as applied to this case because Alabama has no legitimate basis in public policy for denying the adoption sought by the Plaintiffs.

43.     The Sanctity Laws are arbitrary and capricious.

<u>COUNT TWO</u>

PLAINTIFFS' CLAIM FOR DEFENDANTS' VIOLATION OF PLAINTIFFS'
14TH AMENDMENT EQUAL PROTECTION RIGHTS

44.     Plaintiffs adopt, re-allege, and incorporate by reference all contents of paragraphs 1-43 as if fully set forth herein.

45.     If Plaintiffs were in a different-sex marriage, the adoption would be due to be granted under Alabama law.

46.     But for the Defendants' interpretation and application of the Sanctity Laws to prohibit step-parent adoption despite a same sex couple being validly married by another state, this adoption would be granted. This unconstitutionally creates a second-class group of citizens in the State of Alabama.

47.     Refusing to recognize a same-sex marriage validly entered in to in another state for purposes of step-parent adoption categorically and by definition denies the legal benefits of marriage to same-sex couples with no legitimate state-interest reason to do so.

48.     The purpose of Ala. Code 1975 Section 30-1-19(e) is to single out homosexual couples who are lawfully married to one another as is evident in the plain language: "The State of Alabama shall not recognize as valid any marriage of parties of the same sex that occurred or was alleged to have occurred as a result of the law of any jurisdiction regardless of whether a marriage license was issued." Despite being lawfully married, homosexual couples are summarily treated differently for all purposes under the law in the State of Alabama, including for purposes of step-parent adoption.

49.     The purpose of the Sanctity Laws is to impose inequality for reasons other than legitimate governmental purposes, including the denial of the step-parent adoption at issue in this case. The State of Alabama has no legitimate reason to summarily deny step-parent adoptions on the basis of the parents' sexuality.

50.    Plaintiffs have fulfilled their obligations under the law to be lawfully married, yet they are afforded none of the rights afforded to different-sex married couples, including the right to adopt step-children.

51.    Likewise, K.S. is not afforded the equal protection of law and equality under the law because he is not afforded the privileges of being the adopted son of one of the two people who is, in reality and in spite of the Sanctity Laws, one of his two parents.

52.    The Sanctity Laws unconstitutionally target married couples who happen to be homosexual for unequal treatment under the law. This is especially evident given the long history of Alabama laws that criminalized, marginalized, and penalized gay people for being gay.

53.    The Defendants' failure and refusal to recognize the Plaintiffs' status as a married couple for purposes of the step-parent adoption is done under color of state law.

54.    Interpreting and applying the Sanctity Laws to prohibit step-parent adoptions is facially unconstitutional as violative of equal protection.

55.    Interpreting and applying the Sanctity Laws to prohibit step-parent adoption is unconstitutional as applied to the facts of this case.

<u>COUNT III</u>

### PLAINTIFFS' CLAIM FOR DEFENDANTS' VIOLATION OF PLAINTIFFS' 14TH AMENDMENT DUE PROCESS RIGHTS

56.    Plaintiffs adopt, re-allege, and incorporate by reference all contents of paragraphs 1-55 as if fully set forth herein.

57.    The Sanctity Laws injure homosexual couples who are lawfully married in other jurisdiction in violation of the 14th Amendment Due Process Clause. Likewise, the children of homosexual, married couples are injured by not having the benefits of having two parents for legal purposes, and this is a violation of the 14th Amendment Due Process Clause. The Plaintiffs in this lawsuit have been so injured.

58.    The Sanctity Laws are facially unconstitutional as violative of the Due Process Clause of the 14th Amendment.

59.    The Sanctity Laws are unconstitutional as applied in this case as violative of the Due Process Clause of the 14th Amendment.

60.    The Constitution protects the rights and liberties of married, homosexual couples just as it does heterosexual, married couples. Alabama's Sanctity Laws unconstitutionally violate those rights and liberties without due process.

WHEREFORE, the premises considered, the Plaintiffs, separately and severally, respectfully request that this Court enter a judgment as follows:

(a) Issue a judgment pursuant to 28 U.S.C. § 2201 declaring that those provisions of the Alabama statutes and constitutional amendment that prevent Alabama

from recognizing the validity of lawful same-sex marriages conducted in other states violate the Due Process Clause and the Equal Protection Clauses of the United States Constitution;

(b) Issue a judgment pursuant to 28 U.S.C. § 2201  declaring that those provisions of the Alabama statutes and constitutional amendment that prevent Alabama from recognizing the validity of lawful same-sex marriages violate the Full Faith and Credit Clause of Art. IV, section 1 of the United States Constitution;

(c) Issue an injunction pursuant to 28 U.S.C. § 2202 to require Alabama state officials to recognize marriages of same-sex couples in other jurisdictions on an equal basis as the marriage of different-sex couples;

(d) Issue an injunction pursuant to 28 U.S.C. § 2202 that Defendants, separately and severally, grant the step-parent adoption sought by the Plaintiffs as Defendants would do in an identical different-sex married couple situation;

(e) Award Attorneys' fees and costs to Plaintiffs pursuant to 42 U.S.C. § 1988; and

(f) Granting such other, further, and different relief as the Court may deem just and proper under the circumstances.


Respectfully submitted this 7th day of May, 2014.

/s/ Christine C. Hernandez
Christine C. Hernandez
ASB 8252I64H
The Hernandez Firm, LLC
Attorneys for Plaintiffs
P.O. Box 66174
Mobile, Alabama 36660-1174
251-479-1477
christine@hernandezlaw.comcastbiz.net

/s/ David G. Kennedy
David G. Kennedy
ASB 1238I72K
The Kennedy Law Firm
Attorneys for Plaintiffs
P.O. Box 556
Mobile, Alabama 36601
251-338-9805
david@kennedylawyers.com
