IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| CARI D. SEARCY and <br> KIMBERLY MCKEAND, <br> Individually and as parent and <br> next friend of K.S., a minor, <br>     Plaintiffs, <br> v. <br><br> ROBERT BENTLEY, et al., <br>     Defendants. | * <br> * <br> * <br> * <br> * <br> *   Case No. 1:14-cv-00208 <br> * <br> * <br> * <br> * |

## BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANT DON DAVIS

Pursuant to Fed. R. Civ. P. 12(b)(6) and SD ALA LR 7.1, Defendant Don Davis, individually and as judge of probate of Mobile County, Alabama, (hereinafter "Judge Davis") submits this his Brief in Support of his Motion to Dismiss. Plaintiffs' complaint fails to state a claim upon which relief may be granted against Judge Don Davis, individually and/or in his official capacity as judge of probate.

### Statement of Facts

1. Plaintiffs Kimberly McKeand (hereinafter "McKeand") and Cari D. Searcy (hereinafter Searcy") are adult resident citizens of Mobile County, Alabama. McKeand and Searcy were allegedly married in the State of California. McKeand is also the biological mother of the minor, K.S.

2. K.S. is a minor citizen of the United States and the State of Alabama. K.S. resides in Mobile County, Alabama. K.S. is the natural born son of McKeand.

3. On December 29, 2011, Searcy filed a petition in the Probate Court of Mobile County seeking to adopt K.S. under certain provisions of the Alabama Adoption Code, §26–10A–1 et seq., *Ala.Code* 1975.

1

4. The probate courts have sole original jurisdiction over petitions for adoptions of minors in Alabama. §26-10A-3, *Ala. Code* (1975). Judge Davis is the sole judge of the Probate Court of Mobile County.

5. Judge Davis heard the adoption petition filed by Searcy, and on April 6, 2012 he denied the same. Said denial was affirmed on appeal by the Alabama Court of Civil Appeals. *See In re Adoption of K.R.S.,* 109 So.3d. 176 (Ala. Civ. App. 2012)(Copy attached). The Alabama Court of Civil Appeals stated Judge Davis's judgment "properly applied the law to the facts of this case in denying [Searcy's] petition seeking to adopt the child." *In re Adoption of K.R.S.,* 109 So.3d. at 178. The Court of Appeals concluded the judgment rendered by Judge Davis "constitutes a proper application of Alabama law." *Id*.

6. The Plaintiffs filed the present action in this Court to challenge the constitutionality of *Ala. Code* §30-1-19 (the "Marriage Protection Act") and Ala. Const. Amend. No. 774 (the "Sanctity of Marriage Amendment") in the context of Alabama's step-parent adoption statute, *Ala. Code* §26-10A-27 (1975).

7. The constitutional issues raised in the present action were not raised in the petition for adoption filed in December 2011 but were raised for the first time on appeal. *See In re Adoption of K.R.S.,* 109 So.3d. at 178  (Ala. Civ. App. 2012). As they were not raised in the Probate Court, the Court of Civil Appeals did not address the constitutional issues. *Id.* at 178.  The Plaintiffs did not pursue additional appellate review of the Court of Civil Appeals decision rendered on October 12, 2012. More than a year has passed since the decision was rendered.

8. There is no adoption or other petition involving the Plaintiffs currently pending in the Probate Court of Mobile County.

**Standard of Review**

When considering a Rule 12(b)(6) motion to dismiss, a court must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiffs. *See Roberts v. Florida Power & Light Co.,* 146 F.3d 1305, 1307 (11th Cir.1998), *cert. denied,* 525 U.S. 1139, 119 S.Ct. 1027, 143 L.Ed.2d 38 (1999).

**Argument**

Accepting the allegations in the complaint as true and construing them in the light most favorable to the Plaintiffs, Plaintiffs' complaint fails to state a claim against Judge Davis, individually or in his capacity as judge of probate. The claims asserted against Judge Davis are based on judicial actions and are barred by judicial immunity. In addition, even if the Plaintiffs were to prevail in this action, the relief sought is unavailable from Judge Davis as the Probate Court of Mobile County no longer has subject matter jurisdiction over the Plaintiffs' petition for adoption as such jurisdiction was lost upon the filing of appeal. In addition, there are no other pending petitions concerning the Plaintiffs or the minor child in the Probate Court of Mobile County.

**Judicial Immunity**

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.' " *Sibley v. Lando,* 437 F.3d 1067, 1070 (11th Cir. 2005) citing *Bolin v. Story,* 225 F.3d 1234, 1239 (11th Cir. 2000). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.*

Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. *Scott v. Hayes,* 719 F.2d 1562, 1565 (11th Cir. 1983).

In this action, Plaintiffs are challenging the constitutionality of certain Alabama laws. Plaintiffs failed to present these constitutional arguments in the adoption petition filed in the Probate Court. The Plaintiffs now allege that Judge Davis, by applying current, valid Alabama laws and dismissing their adoption petition, somehow violated their constitutional rights. The judgment of Judge Davis was affirmed on appeal by the Alabama Court of Civil Appeals with the appellate court expressly stating the judgment "constitutes a proper application of Alabama law." *In re Adoption of K.R.S.,* 109 So.3d. at 178.

As Judge of Probate, Judge Davis has absolute judicial immunity from damages for those acts taken while acting in his judicial capacity unless he acted in the 'clear absence of all jurisdiction'. *Sibley v. Lando,* 437 F.3d at 1070.  As clearly shown by the Alabama Court of Civil Appeals  affirming his decision, the judgment rendered by Judge Davis dismissing the Plaintiffs' adoption petition was done in his judicial capacity and within the probate court's jurisdiction. The Plaintiffs, through the filing of this action, are simply seeking to mount an impermissible attack on the decision of the Alabama Court of Civil Appeals. Therefore , judicial immunity applies and the action against Judge Davis is due to be dismissed.

**Appeal of Probate Court Judgment**

4

"It is well settled that '[o]nce an appeal is taken, the trial court loses jurisdiction to act except in matters entirely collateral to the appeal.' " *Portis v. Alabama State Tenure Comm'n,* 863 So.2d 1125, 1126 (Ala.Civ.App. 2003) (quoting *Ward v. Ullery,* 412 So.2d 796, 797 (Ala.Civ.App. 1982)). Further, "Alabama law is clear that '[j]urisdiction of a case can be in only one court at a time.' *Ex parte State ex rel. O.E.G.,* 770 So.2d 1087, 1089 (Ala. 2000). Furthermore, 'while an appeal is pending, the trial court "can do nothing in respect to any matter or question which is involved in the appeal, and which may be adjudged by the appellate court." ' *Reynolds v. Colonial Bank,* 874 So.2d 497, 503 (Ala. 2003) (quoting *Foster v. Greer & Sons, Inc.,* 446 So.2d 605, 608 (Ala.1984))."

The denial by Judge Davis of the Plaintiffs' adoption petition was appealed to the Supreme Court of Alabama which assigned the case to the Alabama Court of Civil Appeals. The Alabama Court of Civil Appeals affirmed the decision of Judge Davis and issued a written opinion on October 12, 2012. *In re Adoption of K.R.S.,* 109 So.3d. 176 (Ala. Civ. App. 2012).

Upon filing the notice of appeal, jurisdiction over the Plaintiffs' petition was lost by Judge Davis and the Probate Court of Mobile County and obtained by the Alabama appellate courts. As a result, no action can be taken by Judge Davis on the petition for adoption. Should this Court find in favor of the Plaintiffs and conclude that the various State laws at issue are unconstitutional, said conclusion would have no effect on the denial of the adoption petition or any other petition which is not currently pending. Any decision by this Court as to the unconstitutionality of the various challenged Alabama

laws would only effect pending and future petitions for adoption. The Plaintiffs have failed to state claims against Judge Davis for which relief can be granted.

## Conclusion

The Plaintiffs complaint fails to state a claim upon which relief may be granted as to Judge Davis, individually and as Judge of Probate of Mobile County. The Plaintiffs inclusion of Judge Davis in this action is based solely on his denial of an adoption petition filed in December 2011 with said denial being affirmed by the Alabama Court of Civil Appeals in October 2012. No other action by Judge Davis has been alleged by the Plaintiffs nor has any other action been undertaken taken by Judge Davis as to the Plaintiffs. The denial of the adoption petition is a clear judicial act and therefore subject to absolute judicial immunity.

In addition, the relief requested by the Plaintiffs against Judge Davis cannot be granted as no adoption petition is currently pending in the Probate Court of Mobile County. This is not a mandamus action as such action is unavailable as to the 2011 adoption petition, the decision by the Alabama Court of Civil Appeals being the final judgment as to that petition. Judge Davis no longer has jurisdiction over the 2011 adoption petition and cannot grant or otherwise act on an adoption petition which is not currently pending in the Probate Court of Mobile County.

As shown by the decision rendered by the Alabama Court of Civil Appeals, Judge Davis has correctly applied the law of Alabama. Any decision by this Court which may change existing Alabama law would likewise be properly applied to any matter which comes before the Probate Court of Mobile County via a proper petition.

Wherefore, Defendant Don Davis, individually and in his official capacity as Judge of Probate for Mobile County, Alabama, respectfully moves the Court for an order dismissing him from this action with prejudice.

        Respectfully Submitted,

        s/JASON K. HAGMAIER
        JASON K. HAGMAIER (HAGMJ7644)
        Attorney for Hon. Don Davis,
        Judge of Probate for Mobile County, AL

OF COUNSEL:
JOHNSTON DRUHAN LLP
5 Dauphin Street, Suite 201
Mobile, Alabama 36602
(251) 432-0738
(251) 432-4874 – facsimile

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 30th day of May 2014 a true and correct copy of the aforesaid was served on the following via the E-file system and United States Mail:

| | |
|---|---|
| Christine C. Hernandez, Esq. | Christine@hernandezlaw.comcastbiz.net |
| David G. Kennedy, Esq. | David@kennedylawyers.com |

Hon. Robert Bentley            Hon. Luther Strange, III.
600 Dexter Avenue              501 Washington Avenue
Montgomery, AL 36130           Montgomery, AL 36104

Catherine M. Donald
201 Monroe Street, Ste 1150
Montgomery, AL 36104

Nancy T. Buckner
50 North Ripley Street
Montgomery, AL 36130

                                      s/ JASON K. HAGMAIER
                                      Counsel