IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CARI D. SEARCY, et. al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:14-cv-00208-N |
| | ) |
| ROBERT BENTLEY, et. al, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS**

COME NOW the Plaintiffs, by and through undersigned counsel, pursuant to this Court's Order of June 10, 2014 (Doc. 20), and files this their Omnibus Response to Defendants' Motions to Dismiss as follows:

PLAINTIFFS' VOLUNTARY DISMISSAL OF CLAIMS AND PARTIES

By separate motions, Plaintiffs will be voluntarily dismissing their claims against Defendants Don Davis, Nancy Buckner, and Catherine M. Donald. Thus, the only Defendants remaining in this action are Robert Bentley and Luther Strange.

Likewise, by agreement of the remaining parties, all claims against Robert Bentley and Luther Strange, in their personal capacities, shall be dismissed. Therefore, the only remaining claims will be against Robert Bentley and Luther Strange in their official capacities. As such, this Response is directed solely to Defendants' Bentley and Strange's Motion to Dismiss (Doc. 17).

GOVERNOR ROBERT BENTLEY, IN HIS OFFICIAL CAPACITY, IS A PROPER PARTY TO THIS ACTION AND THE COURT HAS SUBJECT MATTER JURISDICTION OVER SUCH CLAIMS

A.      GOVERNOR BENTLEY IS A REQUIRED PARTY UNDER RULE 19

1

In the Complaint (Doc. 1), Plaintiffs request, among other things, for this Court to "[i]ssue an injunction pursuant to 28 U.S.C. § 2202 to require Alabama state officials to recognize the marriages of same-sex couples in other jurisdictions on an equal basis as the marriages of different sex couples" and commanding the "Defendants, separately and severally, grant the step-parent adoption sought by the Plaintiffs as Defendants would do in an identical different-sex married couple situation[.]" (Doc. 1 at p. 14).

Plaintiffs assert that Defendant Bentley is an indispensable party under *Fed. R. Civ. P.* 19 due to his authority under the Constitution and statutes of the State of Alabama. Rule 19 mandates that a Defendant be a party to an action if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Fed. R. Civ. P.* 19(a)(1).

For the reasons discussed herein, it is respectfully submitted that Governor Bentley's presence in this case is required under Rule 19 because complete relief cannot be provided to the Plaintiffs without his presence and Governor Bentley's absence would leave the Plaintiffs at a substantial risk of inconsistent and multiple outcomes in this litigation. Put simply, were Governor Bentley allowed out of this case as a party Defendant, he could still file an appeal in

this action and/or file other litigation to impede the Plaintiffs' efforts to secure the relief sought. Alabama law allows the Governor of the State to file any legal action that he/she deems necessary to insure that Alabama laws are enforced, including filing judicial actions.

B.     THE ALABAMA GOVERNOR'S POWER TO FILE LAWSUITS AND INTERVENE IN LEGAL ACTIONS

The Supreme Court of Alabama has opined that "[n]umerous statutory provisions and decisions of this Court authorize the governor to bring suit in the name of the State." *Riley v. Cornerstone Cmty. Outreach, Inc.*, 57 So. 3d 704, 723 (Ala. 2010). Likewise, the Alabama Governor can also employ outside counsel, separate and apart from the Alabama Attorney General, to prosecute and litigate cases. *Id.* The Governor can also direct the Attorney General to file civil lawsuits. *Id.* at 724.

Furthermore, at his/her sole discretion, the Alabama Governor "'may institute or participate in any civil litigation in which the state has an interest.'" *Id.* (citing and quoting Ala. Code 1975 § 41-15B-2(i)) ("When initiated by the Governor, such litigation shall be brought in the name of the Governor acting in his official capacity; when the Governor intervenes in existing litigation, he shall do so in the name of the Governor, also acting in his official capacity.").

Even where the Alabama Attorney General refuses to litigate or participate in an action, "the Governor may bring such litigation on relation of the state and shall appoint counsel for such litigation." *Id.*

As applied to this case, were Governor Bentley dismissed as a party at this juncture, Alabama law would allow him to file another action, re-enter this case, and/or appeal this Court's ruling. Ala. Code 1975 § 36-13-2 ("Whenever, in his judgment, it is expedient or necessary, the Governor may employ an attorney or attorneys to advise him in his official capacity, or to institute, conduct, or appear in any court or any civil or criminal case in which the state is interested and to agree with such counsel on his compensation.").

This authority held by the Governor supersedes any power the Attorney General has in connection to defending the laws at issue in this case. The *Bentley* holding states as much. *Bentley*, 57 So. 3d at 736-737 ("we conclude that the statutes discussing the powers and duties of the attorney general do not authorize the attorney general to interfere with or to direct and control litigation being pursued by officer who are acting pursuant to directions from the governor") ("We recognize that there may be times when the Governor disagrees with the attorney general about matters in litigation. Although we determine that the attorney general is authorized to direct the course of all litigation involving the State and its agencies, the Governor as chief magistrate of the State may intervene in any such litigation. As an intervenor, the Governor may express his views and take positions contrary to those argued by the attorney general.").

Hence, Governor Bentley is a necessary and proper party to this lawsuit because complete relief cannot be provided to the Plaintiffs without his presence. Were Governor Bentley to not like the outcome before this Court, there is nothing stopping him from filing an appeal in this matter and using any other judicial means that he deems appropriate. This could certainly lead to multiple outcomes for the Plaintiffs.

C. THE PLAINTIFFS DO HAVE PROPER STANDING

Plaintiffs must meet three elements to establish standing: (1) Plaintiffs must have suffered an injury in fact which is concrete and particularized; (2) Plaintiffs must establish a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision. *De Leon v. Perry*, 2014 U.S. Dist. LEXIS 26236 at * 18 (W.D. Texas February 26, 2014); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976).

As to the first requirement, numerous Courts have held that a state's refusal to recognize a same-sex marriage and/or grant a same-sex marriage license constitutes an injury in fact for standing purposes. *De Leon* at *20-21; *Parker v. D.C.,* 478 F. 3d 370, 376 (D.C. Cir. 2007) (holding that denial of a permit constitutes an Article III injury); *Bishop v. United States ex. rel. Holder*, 2014 U.S. Dist. LEXIS 4374 at *14 (N.D. Oklahoma 2014). Likewise, state-sanctioned discrimination and stigmatization, as complained of by the Plaintiffs in this case, constitutes an injury in fact. *De Leon* at *21-23.

As to the second requirement, causation, federal Courts have consistently and uniformly held that state bans on same-sex marriage and/or state's refusals to recognize same-sex marriages performed elsewhere sufficiently meet the causation requirement. *De Leon* at *22; *Lujan,* 504 U.S. at 560.

Finally, federal courts have consistently held that where an injunction is sought enjoining the state from enforcing its same-sex marriage bans, the third element of standing is present. *De Leon* at *22-23. In short, it is indisputable that the Governor of Alabama has the supreme executive authority to enforce the laws of Alabama. An injunction would prevent the Governor

from enforcing Alabama's Sanctity Laws to the detriment of the Plaintiffs. If this Court issues the injunction sought by the Plaintiffs, their injuries as claimed would be redressed because Alabama would be forced to recognize their California marriage.

The Defendants' claim that "Governor Bentley's lack of a connection to the challenged statutes means that he is not causing any injury the plaintiffs have suffered" is false. To the contrary, Alabama's enforcement of the Sanctity Laws is the immediate problem faced by the Plaintiffs. Governor Bentley is the chief executive charged with enforcing the laws of the State of Alabama. Governor Bentley himself has recently acknowledged this:

> "I have to defend the constitution…I have to defend the laws of the state. I don't pass the laws. The legislature passes the laws…I am the executive for the state and I have to defend the laws of the state….The people of Alabama voted 81 percent to have the ban on same-sex marriage, and it's in our constitution. Whatever the people vote on, I support. I believe in the people's right to vote and this is how they feel, so I support the people."

http://www.waff.com/story/25579455/gov-on-al-gay-marriage-ban-this-is-how-the-people-feel

CONCLUSION

The Defendants' Motion to Dismiss (Doc. 17) is due to be denied to the extent it seeks dismissal of the official capacity claims against Defendants Bentley and Strange. The other Defendants will be voluntarily dismissed by the Plaintiffs in the coming days. Likewise, Plaintiffs are dismissing their personal capacity claims against Defendants Bentley and Strange. Therefore, the Plaintiffs respectfully request that the Court allow the Plaintiffs to continue litigating this case with Governor Bentley and Attorney General Strange as parties in their official capacities.

Respectfully submitted this 24th day of June, 2014,

*/s/ David G. Kennedy /s/*

*/s/ David G. Kennedy /s/*
ASB 1238-I72K
The Kennedy Law Firm
251-338-9805
Attorney for the Plaintiffs
P.O. Box 556
Mobile, Alabama 36601
david@kennedylawyers.com

*/s/ Christine C. Hernandez /s/*
ASB8252I64H
The Hernandez Firm, LLC
P.O. Box 66174
Mobile, Alabama 36660
251-479-1477
christine@hernandezlaw.comcastbiz.net

**CERTIFICATE OF SERVICE**

I hereby affirm that I have this 24th day of June, 2014, filed a copy of the foregoing utilizing the CM/ECF system which will send notice and a copy of the same to all parties and attorneys subscribed thereto.

*/s/ David G. Kennedy /s/*
ASB 1238-I72K
The Kennedy Law Firm
251-338-9805
Attorney for the Plaintiffs
P.O. Box 556
Mobile, Alabama 36601
david@kennedylawyers.com