IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CARI D. SEARCY and KIMBERLY              )
MCKEAND, individually and as             )
parent and next friend of K.S., a        )
minor,                                   )
                                         )
        Plaintiffs,                      )
vs.                                      )   CIVIL ACTION NO. 14-0208-CG-N
                                         )
LUTHER STRANGE, in his capacity          )
as Attorney General for the State of     )
Alabama,                                 )
                                         )
        Defendant.                       )

## ORDER

On January 23, 2015, the court granted summary judgment for

plaintiffs in this lawsuit and declared that Alabama's laws prohibiting same-

sex marriage and prohibiting recognition of same-sex marriages performed

legally in other states are unconstitutional (Docs 53-54).  The Attorney

General has now moved for a stay of the order enjoining him from enforcing

those laws pending a ruling by the Supreme Court on other similar cases

(Doc. 56).  The plaintiffs oppose that request and seek further clarification of

the injunction issued herein (Doc 56).

Rule 62(c) of the Federal Rules of Civil Procedure provides: "While an

appeal is pending from a[ ] . . . final judgment that grants . . . an injunction,

the court may suspend, modify, restore, or grant an injunction ... on terms

that secure the opposing party's rights." Fed.R.Civ.P. 62(c).  In this case there

has been no notice of appeal filed, and from his motion, it appears that the

Attorney General's intention is simply to await the ruling of the Supreme

Court in four similar cases that were recently granted certiorari. See James

v. Hodges, Supreme Court No. 14-556, Order dated January 16, 2015; see

also cases 14-562, 14-571 and 14-574. The motion for a stay cited Rule 62

"and other applicable law" as the basis for his request for a stay. Because he

does not identify what other law may apply, the court applies the factors to

be considered when a motion for stay pending appeal is filed:

> (1) whether the stay applicant has made a strong showing that
> he is likely to succeed on the merits; (2) whether the
> applicant will be irreparably injured absent a stay; (3)
> whether issuance of the stay will substantially injure the
> other parties interested in the proceeding; and (4) where the
> public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

**1. The Attorney General Has Not Shown that He Is Likely to Succeed on Appeal**

The Attorney General seems to concede that he cannot make such

showing because his argument on this point simply refers to the arguments

he made in connection with his motion for summary judgment, which the

court has rejected. He further contends that because this case involves a

"serious legal question", the balance of the equities identified by the other

factors "weighs heavily in favor of granting the stay," and the stay may issue

upon a "lesser showing of a substantial case on the merits." Garcia-Mir v.

Meese, 781 F.2d 1450, 1453 (11th Cir. 1986).

2

Plaintiffs argues that recent actions by the Supreme Court indicate that it no longer views the possible risk of reversal of the validity of same-sex marriage cases to be a basis to stay an injunction. Plaintiffs points out that the Supreme Court recently denied certiorari from three circuit courts of appeals striking down marriage exclusions in four states, thus dissolving the stays in those cases and leaving those circuit court decisions as binding precedent to overturn marriage exclusions in eleven states. Moreover, the Supreme Court denied stays in similar marriage cases in which appeals were still pending, by denying Idaho's application for stay pending a petition for certiorari, Otter v. Latta, ___U.S. ___, 135 S.Ct. 345 (2014), and Alaska's application for a stay pending appeal, Parnell v. Hamby, ___ U.S. ___, 135 S.Ct. 399 (2014). Additionally, the Eleventh Circuit Court of Appeals recently denied a motion to stay pending appeal in the Northern District of Florida case overturning a ban on same-sex marriage. Brenner v. Armstrong, Cases No. 14-14061 and 14-14066, 2014 WL 5891383 (11th Cir., Dec. 3, 2014). The Supreme Court also denied a stay in those cases. Armstrong v. Brenner, 2014 WL 7210190 (Supreme Court, Dec. 19, 2014).

The court thus finds that the Attorney General is not likely to succeed on appeal.

**2. The Attorney General Has Not Shown that He Will Suffer Irreparable Harm**

The Attorney General argues that the state will suffer irreparable harm "if marriages are recognized on an interim basis that are ultimately

determined to be inconsistent with Alabama law, resulting in confusion in

the law and in the legal status of marriages." (Doc. 55, pp. 1-2). The court

disagrees. What the Attorney General is describing is harm that may occur

to those whose marriages become legal or who are permitted to marry by the

State while the injunction is in place, only to have them nullified if this

court's ruling is overturned. This is not a harm to the State, but rather a

potential harm to the same-sex couples whose marriage arrangements

recognized or entered into during the period of the injunction which may be

subject to future legal challenge by the State if the injunction is overturned.

Moreover, the plaintiffs point out that any marriages entered into in reliance

on the court's injunction are likely to be ruled valid regardless of the outcome

of the appeal. See Evans v. Utah, 21 F.Supp.3d 1192, 1209-1210 (D.Utah

2014)(finding that marriages entered into in Utah after district court entered

injunction and prior to stay issued by Supreme Court were valid).

## 3.  Granting a Stay Will Irreparably Harm the Plaintiffs and Other Same-Sex Couples

As indicated above and in its order granting the injunction, the court

has already found that same-sex couples face harm by not having their

marriages recognized and not being allowed to marry. The harms entailed in

having their constitutional rights violated are irreparable and far outweigh

any potential harm to the Attorney General and the State of Alabama. As

long as a stay is in place, same-sex couples and their families remain in a

4

state of limbo with respect to adoption, child care and custody, medical decisions, employment and health benefits, future tax implications, inheritance and many other rights associated with marriage. The court concludes that these circumstance constitute irreparable harm.

### 4. The Public Interest Will be Harmed by a Stay

The Attorney General argues that a stay will serve the public interest by avoiding the confusion and inconsistency that will result from an on-again, off-again enforcement of marriage laws. (Doc. 55 at 2). The court finds that the state's interesting in refusing recognize the plaintiff's same-sex marriage or in allowing same-sex marriage is insufficient to override the plaintiffs' interest in vindicating their constitutional rights. The public interest does not call for a different result.

In its discretion, however, the court recognizes the value of allowing the Eleventh Circuit an opportunity to determine whether a stay is appropriate. Accordingly, although no indefinite stay issues today, the court will allow the Attorney General time to present his arguments to the Eleventh Circuit so that the appeals court can decide whether to dissolve or continue the stay pending appeal (assuming there will be an appeal.) The preliminary injunction will be stayed for 14 days.

Prior to the 14-day stay's expiration, the court will issue a separate order addressing plaintiffs' request for clarification of the court's injunction order.  (See Doc. 56, pp. 6-10).

## Conclusion

**IT IS HEREBY ORDERED** that the Court's Order of Injunction and Judgment (Docs. 53 & 54) are **STAYED FOR 14 DAYS.**  If no action is taken by the Eleventh Circuit Court of Appeals to extend or lift the stay within that time period, this court's stay will be lifted on February 9, 2105.

**DONE and ORDERED** this 25th day of January, 2015.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

6