IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARI D. SEARCY and KIMBERLY MCKEAND, individually and as parent and next friend of K.S., a minor, | ) ) ) ) ) | |
| Plaintiffs, | ) | |
| vs. | ) ) | CIVIL ACTION NO. 14-0208-CG-N |
| LUTHER STRANGE, in his capacity as Attorney General for the State of Alabama, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER CLARIFYING JUDGMENT**

This matter is before the court on Plaintiffs' Request for Clarification that was contained in their Objection and Response (Doc. 56) to Defendant's Motion to Stay (Doc. 55).

On January 23, 2015, this court granted summary judgment in favor of Plaintiffs in this lawsuit, declaring that Alabama's laws prohibiting same-sex marriage and prohibiting recognition of same-sex marriages performed legally in other states are unconstitutional. (Docs. 53-54). As part of the Judgment entered in this case, the court specifically enjoined the Defendant from enforcing those laws. (Doc. 54). Upon Defendant's motion, the court then stayed the order of injunction and judgment for 14 days. (Doc. 59). If no action is taken by the Eleventh Circuit Court of Appeals to extend or lift the stay within that time period, this court's stay will be lifted on February 9, 2015.

1

Plaintiffs have asked for clarification of this court's injunction and judgment based on statements made to the press by the Alabama Probate Judges Association ("APJA")[1] that despite this court's ruling, they must follow Alabama law and cannot issue marriage licenses to same-sex couples. (Doc. 56, pp. 6-8). According to the local news, prior to this court's entry of a 14 day stay, the APJA advised its members not to issue marriage licenses to same-sex couples.[2] A representative of the APJA reportedly stated that this court's decision was limited to the same-sex couple that filed the case and that the only party who was enjoined from enforcing the laws in question was Attorney General Strange.

Because the court has entered a stay of the Judgment in this case, neither the named Defendant, nor the Probate Courts in Alabama are currently required to follow or uphold the Judgment. However, if the stay is lifted, the Judgment in this case makes it clear that ALA. CONST. ART. I, § 36.03 and ALA. CODE § 30-1-19 are unconstitutional because they violate the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment. Commissioners of Mobile County, Alabama.

---

[1] The court notes that on January 25, 2015, the APJA moved for leave to appear as *amicus curiae* in support of Defendant's motion for stay. (Doc. 58).

[2] See http://www.al.com/news/index.ssf/2015/01/alabama_probate_association_ju.html - incart_related_stories and http://www.al.com/news/mobile/index.ssf/2015/01/alabama_probate_court_judges_gay_marriage.html - incart_river

As Judge Hinkle of the Northern District of Florida recently stated when presented with an almost identical issue:

> History records no shortage of instances when state officials defied federal court orders on issues of federal constitutional law. Happily, there are many more instances when responsible officials followed the law, like it or not. Reasonable people can debate whether the ruling in this case was correct and who it binds.  here should be no debate, however, on the question whether a clerk of court may follow the ruling, even for marriage-license applicants who are not parties to this case. And a clerk who chooses not to follow the ruling should take note: the governing statutes and rules of procedure allow individuals to intervene as plaintiffs in pending actions, allow certification of plaintiff and defendant classes, allow issuance of successive preliminary injunctions, and allow successful plaintiffs to recover costs and attorney's fees.
>
> \* \* \* \*
>
> The preliminary injunction now in effect thus does not require the Clerk to issue licenses to other applicants. But as set out in the order that announced issuance of the preliminary injunction, the Constitution requires the Clerk to issue such licenses. As in any other instance involving parties not now before the court, the Clerk's obligation to follow the law arises from sources other than the preliminary injunction.

Brenner v. Scott, 2015 WL 44260 at *1(N.D. Fla. Jan. 1, 2015).

For the reasons stated above, Plaintiff's motion to clarify (Doc. 56), is **GRANTED** and the Judgment in this case is **CLARIFIED** as set out above.

**DONE** and **ORDERED** this 28th day of January, 2015.

/s/  Callie V. S. Granade  
UNITED STATES DISTRICT JUDGE

3