IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CARI D. SEARCY and KIMBERLY MCKEAND, individually and as parent and next friend of K.S., a minor, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) CIVIL ACTION NO. 14-0208-CG-N |
| | ) |
| LUTHER STRANGE, in his capacity as Attorney General for the State of Alabama, | )<br>)<br>)<br>) |
| Defendant. | ) |

**ORDER**

This matter is before the court on Plaintiffs' motion for contempt and request for immediate relief. (Doc. 71). Plaintiffs report that "the Honorable Don Davis has failed to comply with this Court's January 23, 2015 Order." According to the motion:

> On this date, at 10:10 a.m. CST, Honorable Don Davis, Probate Judge in Mobile County, Alabama, had not opened the marriage license division of the Mobile County Probate Court. The Honorable Don Davis has not given a reason why the marriage license division is closed on this particular day, and he has not stated as to when the office will reopen.

(Doc. 71, p. 1-2). Plaintiffs request that this court hold Davis in contempt, to order law enforcement to open the marriage license division of Mobile County Probate Court, and to impose sanctions.

After reviewing the Plaintiffs' motion, the court finds that Plaintiffs have not shown that Davis has failed to comply with this court's order. On January 23, 2015,

1

this court declared that A<small>LA</small>. C<small>ONST</small>. A<small>RT</small>. I, § 36.03 (2006) and A<small>LA</small>. C<small>ODE</small> 1975 § 30-1-19 are unconstitutional and enjoined defendant Luther Strange, in his capacity as Attorney General for the State of Alabama, from enforcing those laws. (Doc. 54). Upon motion by the Plaintiffs, this court further clarified the January 23, 2015 order stating that:

> … [A] clerk who chooses not to follow the ruling should take note: the governing statutes and rules of procedure allow individuals to intervene as plaintiffs in pending actions, allow certification of plaintiff and defendant classes, allow issuance of successive preliminary injunctions, and allow successful plaintiffs to recover costs and attorney's fees. … The preliminary injunction now in effect thus does not require the Clerk to issue licenses to other applicants. But as set out in the order that announced issuance of the preliminary injunction, the Constitution requires the Clerk to issue such licenses.  As in any other instance involving parties not now before the court, the Clerk's obligation to follow the law arises from sources other than the preliminary injunction.

(Doc. 65, p. 3 quoting <u>Brenner v. Scott</u>, 2015 WL 44260 at *1 (N.D. Fla. Jan 1, 2015)).   Probate Judge Don Davis is not a party in this case[1] and the Order of January 23, 2015, did not directly order Davis to do anything.  Judge Davis's obligation to follow the Constitution does not arise from this court's Order.  The Clarification Order noted that actions against Judge Davis or others who fail to follow the Constitution could be initiated by persons who are harmed by their failure to follow the law.  However, no such action is before the Court at this time.

Plaintiffs have also offered no affidavit or other evidence to show that they have been prevented from applying for the adoption or that their adoption application was wrongfully denied after this court's January 23, 2015, Order.

---

[1] Judge Davis was originally named as a defendant, but by stipulation of the parties (Doc. 29) was dismissed from the case.

Nothing in Plaintiffs' motion would compel this court to order law enforcement to open the marriage license division of Mobile County Probate Court or impose sanctions. Plaintiffs have offered no authority by which this court can hold Davis in contempt or order any of the relief sought by Plaintiffs. Accordingly, Plaintiffs' motion for contempt and immediate relief (Doc. 71), is **DENIED**.

    **DONE** and **ORDERED** this 9th day of February, 2015.

                                      /s/  Callie V. S. Granade  
                                      UNITED STATES DISTRICT JUDGE