IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CARI D. SEARCY** and **KIMBERLY MCKEAND,** )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>**LUTHER STRANGE, III**, in his )<br>official capacity as Attorney General )<br>of the State of Alabama, )<br>)<br>Defendant. ) | CIVIL ACTION NO. 14-208-CG-N |

# ORDER

This matter is before the Court on Plaintiffs' motion for attorneys' fees and costs (Doc. 76), Defendants' opposition (Doc. 80), and Plaintiffs' reply (Doc. 81). Plaintiffs request attorneys' fees in the amount of $189,310.00, plus costs in the amount of $8,400.00, for a total award of $197,710.00. For the reasons explained below, the Court finds that Plaintiffs' motion is due to be granted in part and denied in part to the extent that Plaintiff will be awarded attorneys' fees in the amount of $126,206.66. Additionally, the Court will allow Plaintiffs to file documentation to support their claimed costs.

Congress passed the Civil Rights Attorneys' Fee Awards Act of 1976 ("Act") in order to ensure "effective access to the judicial process," recognizing that a "civil rights litigant acts as a 'private attorney general' who furthers important national policy objectives." Cooper v. Singer, 719 F.2d 1496, 1498 (10th Cir.1983) (citation omitted), overruled on other grounds by Venegas v. Mitchell, 495 U.S. 82 (1990). "[C]ivil rights laws 'depend heavily upon private enforcement, and fee awards have

proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain.' " Id. (citation omitted). The Act provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). In the instant action, the parties do not dispute that Plaintiffs are the prevailing party; however, they disagree whether the amount of fees and costs requested by Plaintiffs are reasonable.

Generally, the determination of reasonable attorneys' fees begins with a determination of the reasonable hourly rate multiplied by the "hours reasonably expended." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). "The product of these two figures is the lodestar and there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." Id. (internal citations and quotation omitted). When making this "lodestar" determination, the Court may consider the twelve factors identified in Pharmacia Corp. v. McGowan, 915 So.2d 549, 552–53 (Ala. 2004). These factors are:

> (1) [T]he nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.

Id. (quoting Van Schaack v. AmSouth Bank, N.A., 530 So. 2d 740, 749 (Ala. 1988)).

After the lodestar is determined by multiplication of a reasonable hourly rate times hours reasonably expended, the court must next consider the necessity of an adjustment for results obtained. If the party achieved an excellent result, then the court should compensate for all hours reasonably expended. Popham v. City of Kennesaw, 820 F.2d 1570, 1578 (11th Cir. 1987). If the party achieved limited success, then the court may reduce the amount of fees that is reasonable in relation to the results obtained. Hensley v. Eckerhart, 461 U.S. 424, 436–37 (1983). In doing so, the court may attempt to identify specific hours spent in unsuccessful claims, or it may simply reduce the award by some proportion. Id.

Plaintiffs have the burden of supplying the court with sufficient evidence from which the court can determine the reasonable hourly rate for the attorneys and staff who worked on the litigation. Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). A reasonable hourly rate is often "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Garrett Investments, LLC v. SE Prop. Holdings, LLC, 956 F. Supp. 2d 1330, 1339 (S.D. Ala. 2013). In that regard, "[s]atisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." Norman, 836 F.2d at 1299 (citation omitted). When reviewing attorneys' fees, the court may rely upon its own "knowledge and experience" to form an "independent judgment" as to a reasonable hourly rate. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (citing Norman, 836 F.2d at 1303); see also Garrett Investments, LLC, 956 F. Supp. 2d at 1340-41 (compiling market rates for attorneys with varied amounts of experience).

Plaintiffs also have the burden of establishing reasonable hours. Lee v. Krystal Co., 918 F. Supp. 2d 1261, 1266 (S.D. Ala. 2013).  Reasonable hours are established through billing statements or invoices that state with sufficient particularity the nature of the work performed and by whom so the court may determine the reasonableness of the time expended.  And if fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary. Norman, 836 F.2d at 1301.  "Courts are not authorized to be generous with the money of others." ACLU of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999).

In the instant case, Plaintiffs submitted affidavits from the attorneys that worked on this case, David Kennedy and Christine Hernandez (Docs. 76-3, 76-4), timesheets of the work performed by each attorney (Docs. 76-5, 76-6), and the affidavit of an attorney that works in the area, Edward Bowron – the managing partner at Burr Forman, LLP's Mobile, Alabama office (Doc. 76-7).  Plaintiffs request attorneys' fees in the amount of $189,310.00, plus costs in the amount of $8,400.00, for a total award of $197,710.00.  The attorneys' fees total represents 349 hours of work by Mr. Kennedy and 339.4 hours of work by Ms. Hernandez multiplied by an hourly rate of $275.  Kennedy and Hernandez both have about 8 years of litigation experience.

Mr. Bowron avers: 1) he is familiar with the hourly rates attorneys charge in Mobile, 2) he has reviewed the time entries and declarations of Kennedy and Hernandez and has generally followed the case, 3) the instant case was a complex,

4

risky, difficult, and hard-fought case requiring a high degree of skill and effort from Plaintiffs' counsel, 4) he is familiar with the work of Kennedy and Hernandez, 5) other lawyers in his office and lawyers of similar experience and ability in the Mobile, Alabama community routinely charge $275-$375+ per hour where payment is expected promptly, 6) the rate of $275 charged by Kennedy and Hernandez is on the low range of market rates charged by attorneys of equivalent experience, skill, and expertise for comparable work in this community, and 7) he believes the amounts charged for fees and costs are more than reasonable.

Defendant contends that both the hourly rate of $275 and the number of hours charged, a total of 688.4, are excessive. Defendant points out that in this case there was no discovery, no hearing, and no trial. The case was resolved on summary judgment and Defendant contends it was a simple case. Defendant also argues that some of the work done by Plaintiffs' counsel did not contribute to relief against this Defendant. Plaintiffs originally named several other Defendants in this action from which they were unable to obtain any relief. Defendants argue that Plaintiffs' counsel should not be compensated for preparing pleadings that were not filed, for excessive time in some instances, for hearings that did not involve the claims against the Attorney General, for a non-compliant expert report that did not contribute to their relief, or for activity related to non-parties. Defendants also argue that the rate charged is not commensurate with the Mobile market, especially in light of the fact that Kennedy and Hernandez are not experienced in civil rights litigation and do not work in large firms with high operating expenses.

While Defendant describes this as a simple case, Plaintiffs' counsel point to

5

the many hours they toiled attempting to overcome all the hurdles thrown at them by the State of Alabama.  The Court agrees with Defendant that although this case was complicated by adoption issues, the claims relied on the recognition of Plaintiffs' right to marry which had been litigated in many Courts across the country.  Such claims are complex, but because of the vast prior litigation, there were many cases from which Plaintiffs could model their pleadings and motions.  However, despite the clear roadmap for pursuing their claims and this Court's grant of summary judgment without a hearing or trial, Plaintiffs' path to complete relief was indeed obstructed at every turn thereafter.  Plaintiffs' counsel asserts that this was a hard fought case that required substantial briefing on complex issues with tight time deadlines necessitated by the intense opposition to this case.  News sources have reported that no other state has fought against a court ruling on the recognition of same-sex marriage as hard as Alabama fought against the rulings in this Court.[1]  The Governor of Alabama, numerous Probate Judges and at least one prominent State Court Judge publicly opposed Plaintiffs' claims.  Some of these individuals were originally parties in this case and some were or are parties to other cases in this Court that sought to invalidate the same marriage laws in Alabama.  However, the only Defendant that remained in this case past the initial round of motions to dismiss is Attorney General Strange.  Probate Judge Don Davis and Governor Robert Bentley were originally named as defendants in this case, but after

---

[1] See e.g. http://www.al.com/news/index.ssf/2015/02/no_state_has_fought_harder_aga.html

moving for dismissal, Judge Davis was dismissed by stipulation of the parties (Doc. 29) and Governor Bentley was dismissed by order of the Court on August 20, 2014 (Doc. 40). Attorney General Strange did not move to have the official capacity claims against him dismissed and instead agreed to remain in the case to defend the validity of Alabama's marriage laws.

The Court agrees with Defendant's assertion that when summary judgment was granted, the effort required by Plaintiffs' counsel up to that time should have been relatively modest. However, after judgment was entered on January 23, 2015, the case became more complicated. Defendant immediately moved to stay the action (Doc. 55), the Alabama Probate Judges Association ("APJA") moved to appear as *amicus curiae* in support of the motion to stay (Doc. 58) and this Court granted the APJA's motion and stayed the action for 14 days to allow the Attorney General time to present his arguments to the Eleventh Circuit. (Doc. 59). Additionally, Plaintiffs filed a motion to clarify based on statements made to the press by the APJA that despite this Court's ruling, Probate Judges must follow Alabama law and cannot issue marriage licenses to same-sex couples. (Doc. 56). The Attorney General appealed the judgment and moved for a stay pending appeal, and the Eleventh Circuit denied the motion to stay. (Doc. 70). Upon the Eleventh Circuit's denial of a stay, Plaintiffs moved for an early lift of this Court's 14 day stay, but the Attorney General sought a stay from the United States Supreme Court and this Court continued the stay for the full 14 days, which expired on February 9, 2015. (Doc. 69). On February 9, 2015, the United States Supreme Court denied Defendant's motion to stay and Plaintiffs moved for contempt against Judge Davis

because he had refused to open the marriage license division of the Mobile County Probate Court. (Doc. 71). This Court denied Plaintiffs' motion for contempt because Judge Davis was no longer a party to this case and had not been directed to do anything by this Court. (Doc. 72). On February 24, 2015, Plaintiff Cari Searcy filed a second lawsuit in this Court, seeking to enjoin Judge Davis from enforcing Alabama's marriage laws. Searcy v. Davis, Case No. 15-00104-CG-N. In the second lawsuit, Davis moved for dismissal and then for a stay. The case was ultimately dismissed on March 26, 2015, on Searcy's motion, because Judge Davis had complied. On June 26, 2015, the United States Supreme Court decided Obergefell v. Hodges, 135 S.Ct. 2584, 2588, 192 L. Ed. 2d 609 (2015) and the Eleventh Circuit Court of Appeals then summarily affirmed the judgment in this case based on that decision. (Doc. 75).

After reviewing the above history, and the supporting briefs and other related filings in the case, the Court finds that it was not the Attorney General who overly complicated this case, but rather the actions of non-parties together with Plaintiffs' counsel's inexperience and/or inability to use this action to obtain complete relief. Most of the motions in this case involved parties who were dismissed from this case. Many of the motions filed by Plaintiffs were unnecessary, premature,[2] or unfounded. Defendant Strange did not overly complicate the case. Defendant Strange appropriately moved to dismiss the individual claims brought

---

[2] Plaintiffs' motion for summary judgment, filed on June 12, 2014, was found to be premature as there were three motions to dismiss (Docs. 10, 14, 17) pending at the time. (Doc. 25). The Court did not take up the motion for summary judgment until the motions to dismiss had been decided.

8

against him, but agreed to defend the claims brought against him in his official capacity as the Attorney General of Alabama. Strange filed the required response to Plaintiffs' motion for summary judgment and he appealed the judgment and requested a stay pending the appeal, as any prudent defendant might. While Plaintiffs were successful in their claim against Defendant Strange in this action, the Court believes it was the success of plaintiffs in other cases, such as Strawser v. Strange, Case No. 14-424-CG-C,[3] that ultimately lead to Plaintiffs in this case obtaining complete satisfaction.

In the Court's view, the amount of work required by Plaintiffs' counsel in this case was not the product of the Attorney General's actions, but the result of the inexperience of Plaintiffs' counsel and the tactics of non-parties. With that in mind, the Court finds that the attorneys' fees should not be adjusted upward or found reasonable because of any unjust actions by the Defendant, but instead should be reduced to some extent to account for the excessive hours caused by plaintiffs' counsel's inexperience. The Court, however, agrees with Plaintiffs' counsel that the nature and value of the subject matter of this case, the time and labor required, the time limitations imposed by the circumstances and the fact that the fee was contingent with no guarantee of success, all tend to support the reasonableness of the requested fee award. The case provided a meaningful opportunity for the

---

[3] The Court notes that the original plaintiffs in Strawser v. Strange filed their action *pro se* and were successful in obtaining a preliminary injunction without the help of counsel. The Strawser plaintiffs eventually obtained very capable counsel that helped them obtain class action status and succeed against all of the probate judges in the State of Alabama as well as the Attorney General of Alabama.

individual Plaintiffs to vindicate important constitutional policies of Due Process and Equal Protection and this Court finds a reasonable attorneys' fee award should be granted. The question is what rate, hours, or total award is reasonable.

Defendant points to certain line items in Plaintiffs' billing records as excessive. Defendant contends that at least 218.2 hours should be cut because of the following:

1) 20.5 hours for background research prior to filing the Complaint is not compensable,

2) 3 hours for basic administrative tasks (such as initial file setup, review of basic administrative documents and forwarding pleadings to clients) is excessive,

3) 16.8 hours for preparation of documents that were never filed should be stricken,

4) 66.7 hours for general research throughout the case is excessive,

5) 52.7 hours of daily billing is improbable or impossible (such as entries for: 7.3 hours before 10:30 a.m. on a Sunday, 17.2 hours in one day, 28.2 hours in one day),

6) 21.1 hours working with an expert witness where the initial report did not provide grounds for his opinion, the report cited studies that supported Defendant's position, and the expert was not a factor in the determination of this case,

7) 37.1 hours for work dated after it possibly could have occurred (such as for drafting pleadings that had already been filed),

8) 37.5 hours for work unrelated to the claims against the Attorney General, and

9) 4.2 hours for entries with vague descriptions that cannot be assessed.

Plaintiffs' counsel concedes that the reported 28.2 hours in a single day was a mistake. According to Plaintiffs' counsel that error and the other two date errors are merely clerical mistakes in compiling the bill, with the date column being the source of the error. As stated above, Plaintiffs have the duty of supplying the Court with sufficient evidence from which the Court can determine both the reasonable hourly rate and the reasonable number of hours. In light of counsel's concession, Plaintiffs have clearly not provided sufficient support for the 52.5 hours objected to in subsection 5 above. Some of the other objections listed above also appear to be valid. Plaintiffs' counsel argues that audit-proof perfection is not required, because courts may take into account their overall sense of a suit without going line by line to achieve auditing perfection. Defendant agrees that the Court may choose to simply cut the fee award by a percentage rather than conduct a detailed hour-by hour analysis of the billing records. Defendant contends that the fee award should be cut to approximately $50,000.00.

Plaintiffs contend the fee award should not be reduced and point to the amount of fees that have been awarded in other same-sex marriage cases. See Bishop v. Smith, 112 F. Supp. 3d 1231, 1253 (N.D. Okla. 2015) (awarding $296,847.50 in fees and $1,895.27 in costs); Latta v. Otter, 2014 WL 7245631 (D. Idaho Dec. 19, 2014) (awarding $397,300.00 in attorney fees and $4,363.08 in

11

expenses); Wolf v. Walker, Case No. 14-cv-00064-bbc, doc 194 (W.D. Wisc. March 27, 2015) (stipulation by parties that Defendants shall pay Plaintiffs $1,055,000.00 in attorneys fees and costs), see also Hamby v. Walker, 2015 WL 1712634, at *9 (D. Alaska Apr. 15, 2015) (awarding a total of $127,720.90 in attorneys' fees and costs); McGee v. Cole, 115 F. Supp. 3d 765, 779 (S.D. W.Va. 2015) (awarding $92,125 in attorneys' fees and $7,679.64 in costs); Aguero v. Calvo, 2016 WL 1050251 (D. Guam Mar. 16, 2016) (awarding a total of $82,842.50 in fees and $ 2,575.17 in expenses).  The Court notes that the above fee awards range from $82,842.50 to $1,055,000.00.  However, none of the cases cited by Plaintiffs or found by this Court proceeded in the state of Alabama or under the same circumstances as this case.

After reviewing all of the above, the Court finds that the requested fee award of $189,310.00 should be reduced, but not to the extent advanced by Defendant. Although it is the Court's opinion that Plaintiffs' counsel demonstrated a clear lack of experience in this matter, they undeniably obtained a successful result that served the public interest by vindicating significant constitutional rights. Defendant contends that both the rates and the hours charged are excessive, but to the extent counsel expended more hours due to their lack of knowledge or experience, a reduction in both rate and hours is not justified.  An inexperienced attorney is expected to work longer hours to accomplish the same task as an experienced attorney and an attorney's hourly rate should reflect that difference.  In the instant case, the Court finds that a reasonable fee results by reducing the claimed amount by 1/3 to $126,206.66.

As to the requested costs in the amount of $8,400.00, Plaintiffs have not offered any accounting or description of what the total cost figure encompasses. Plaintiffs have failed to provide adequate documentation to support their claimed expenses. "The party seeking costs must not only show that the costs claimed are recoverable, but must also provide sufficient detail and sufficient documentation regarding those costs in order to permit challenges by opposing counsel and meaningful review by the Court." Doria v. Class Action Servs., LLC, 261 F.R.D. 678, 685 (S.D. Fla. 2009) (citation omitted). However, the Court will allow Plaintiffs to submit an amended motion for costs with the appropriate documentation.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion for attorneys' fees and costs (Doc. 76), is **GRANTED in part** and **DENIED in part** to the extent that Plaintiffs are awarded attorneys' fees in the amount of **$126,206.66**. Plaintiffs are **ORDERED** to file on or before **June 10, 2016**, an accounting of the costs claimed with sufficient detail to permit meaningful review. Any response from Defendant is due no later than **June 17, 2016.**

**DONE** and **ORDERED** this 27th day of May, 2016.

                                                /s/ Callie V. S. Granade
                                                **SENIOR UNITED STATES DISTRICT JUDGE**