IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CARI D. SEARCY** and **KIMBERLY MCKEAND,** | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) CIVIL ACTION NO. 14-208-CG-N<br>) |
| **LUTHER STRANGE, III**, in his official capacity as Attorney General of the State of Alabama, | )<br>)<br>)<br>)<br>) |
| Defendant. | |

**ORDER**

This matter is before the Court on Plaintiffs' motion for costs (Docs. 76 & 83) and Defendants' opposition thereto (Doc. 84).  Plaintiffs request costs in the amount of $8,200.70.  For the reasons explained below, the Court finds that Plaintiffs' motion is due to be granted in part and denied in part, to the extent that Plaintiffs will be awarded costs in the amount of $500.98.

Plaintiff's initial motion for fees and costs (Doc. 76) only included a total amount of costs requested without providing any accounting or description of what the total cost figure encompasses.  "The party seeking costs must not only show that the costs claimed are recoverable, but must also provide sufficient detail and sufficient documentation regarding those costs in order to permit challenges by opposing counsel and meaningful review by the Court." Doria v. Class Action Servs., LLC, 261 F.R.D. 678, 685 (S.D. Fla. 2009) (citation omitted).  Accordingly, the Court ordered Plaintiffs to file an accounting of the costs claimed with sufficient detail to permit meaningful review. (Doc. 82).  Plaintiffs filed a response to this Court's order

listing the following as costs:

| 1. Filing Expenses: | $   400.00 |
| --- | --- |
| 2. PACER Usage: | $   121.20 |
| 3. Printing/Copying: | $1,163.38 |
| 4. Process Server: | $    50.00 |
| 5. Legal Research: | $6,298.80 |
| 6. Express & Certified Mail & Postage | $    99.79 |
| 7. FedEx: | $    67.53 |
| Total: | $8,200.70 |

(Doc. 83).

Defendant does not object to the claim for filing expenses in the amount of $400.00. However, Defendant objects to most of the remaining expenses.

Defendant asserts that Plaintiffs cannot recover PACER expenses. The Court agrees. The parties received a "free look" at all filings in their case and Plaintiffs have offered no explanation why any PACER charges were necessarily incurred. See Lee v. Krystal Co., 918 F. Supp. 2d 1261, 1275 (S.D. Ala. 2013) ("the PACER charge is not documented or explained in any meaningful way, and appears invalid given that litigants in this District Court get a "free look" at all filings in their case, with no PACER charges"). Accordingly, the amount requested for PACER usage, $121.20, will be disallowed.

2

Defendant also objects to most of the charges for printing and copying. Plaintiffs request a total of $1,163.38 and submitted a copy of a bill from Quality Printing & Business Systems to the Hernandez Law Firm LLC that lists seven printing jobs with dates ranging from May 9, 2014, to November 11, 2014. The invoice does not indicate a case name or number for which each job was performed and Plaintiffs have not provided any additional details concerning what was printed or why the print jobs were necessary to their case. The amounts listed on the bill add up to the total amount requested by Plaintiffs for printing and copying. Defendant, after apparently comparing the dates of the charges with the history of this case, concludes that the only charge that might be reasonable is the first charge for $93.70 on May 9, 2014, two days after this case was filed. Defendant presumes that the $93.70 represents a charge for printing five copies of the Complaint to serve on the original five named defendants. As such, Defendant contends that he should only be responsible for 1/5 of that charge, or $18.74. The Court finds that that amount, $18.74, should be allowed as a reasonable expense. However, given that Plaintiffs have not explained why all of the charges on the bill should be recovered from this case[1] and have not averred that these charges were necessary for the prosecution of this case, the Court will only award $18.74 for printing and copying costs.

The amount Plaintiffs request for process server was incurred to serve Judge

---

[1] It seems unlikely that this is the only case the Hernandez Law Firm incurred printing charges for during that time period.

Don Davis, who was dismissed from this case.  Defendant Strange was served by certified mail. Accordingly, the Court declines to charge Defendant Strange with the cost for serving Judge Davis.

As to Plaintiffs' request for the cost of computerized legal research, the Court finds those expenses are not recoverable.  Plaintiffs submitted two invoices from Thomson Reuters for the periods January 1, 2015 - January 31, 2015 and February 1, 2015 – February 28, 2015. (Doc. 83-1, pp. 20-21).  The invoices do not specify the actual dates and times of usage and only include a total amount due for the months of January and February.  "The Eleventh Circuit has concluded that the costs of computerized legal research may be recovered under Section 1988…" Trotter v. Columbia Sussex Corp., 2010 WL 383622, at *11 (S.D. Ala. Jan. 29, 2010) (citing Johnson v. University College, 706 F.2d 1205, 1209 (11th Cir. 1983) & Terry Properties, Inc. v. Standard Oil Co., 799 F.2d 1523, 1540 (11th Cir. 1986)). However, where such charges are not supported by sufficient detail to determine how they related to claims or issues on which Plaintiffs prevailed, the amounts may not be recoverable. See id. see also Wolff v. Royal Am. Mgmt., Inc., 2012 WL 5303665, at *9 (S.D. Ala. Oct. 25, 2012) aff'd, 545 F. App'x 791 (11th Cir. 2013) (disallowing a set monthly legal research charge where there was no showing that the charges were incurred for activity on that case).  In the instant case Plaintiffs have offered no information about what the legal research related to and have not shown that the charges were incurred for this case.  Accordingly, the $6,298.80 requested for legal research will not be awarded.

As to the request for $99.79 for express mail and $67.53 for FedEx, Plaintiffs' counsel submitted copies of five receipts that state the following:

| 1 | May 9, 2014 | Certified mail for 4 items | $19.15 |
|---|---|---|---|
| 2 | June 3, 2014 | Certified mail for 2 items and $49.00 in stamps | $64.22 |
| 3 | February 5, 2015 | First-Class mail of 4 large envelopes | $ 9.80 |
| 4 | March 2, 2015 | Certified mail for 1 item | $ 6.62 |
| 5 | February 4, 2015 | Priority Overnight for 2 items & Express Saver for one item | $67.53 |

(Doc. 83-1, pp. 22-27). Defendant presumes that the first receipt is for service of copies on all of the defendants, for which he asserts he should only be charged for one ($4.91). Defendant asserts it is not apparent and there is no explanation why express mail was necessary for the second receipt. The Court notes that there is also no explanation as to the use of the $49.00 in stamps included in the second receipt. The third and fifth receipts are presumably tied to Plaintiffs' opposition to Defendant's motions to stay in the Eleventh Circuit and Supreme Court and Defendant does not dispute those charges. Lastly, Defendant argues that there should be no recovery for the fourth receipt, which is dated after the U.S. Supreme Court ruled on Defendant's motion for stay. After reviewing the above, the Court finds Defendant's objections to the claimed mail related charges are well founded and that only $82.24 ($4.91 + $9.80 + $67.53) should be awarded for Plaintiff's mail related claims.

## CONCLUSION

For the reasons stated above, the Court finds that Plaintiffs should be

awarded costs in the amount of $500.98, which represents $400.00 in filing fees, $18.74 for printing and copying and $82.24 for mail charges. Accordingly, Plaintiff's motion for costs (Docs. 76 & 83), is **GRANTED in part** and **DENIED in part** to the extent that Plaintiffs are hereby awarded **$500.98** in **costs.**

**DONE** and **ORDERED** this 28th day of June, 2016.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE